# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>vs.<br><br>**LINDA RACINE, LEE ALLEN CALF LOOKING, RONELL LEA ROSE, JANAL LYNN ROSE, and LYNELL RONNI ROSE,**<br><br>Defendants. | CV 18-04-GF-BMM<br><br><u>**JUDGMENT, DECREE OF FORECLOSURE AND ORDER OF SALE**</u> |

This matter having been brought before this Court by Plaintiff, United States of America, by and through its attorney, Keith A. Jones, Assistant U.S. Attorney, for the District of Montana, and upon considering the pleadings filed herein, it appears there is no issue of material fact, and the Court now makes the following Finding of Fact and Conclusions of Law.

## FINDINGS OF FACT

1. This Court has jurisdiction of this action for the reason that the United States of America is the party Plaintiff under 28 U.S.C. § 1345. The United States

1

of America seeks to foreclose a note and mortgage made under the provisions of Section 184 of the Housing and Community Development Act (12 U.S.C. Section 1715z-13a), which mortgage provides as security interests in real property held in trust for Defendants Lee Allen Calf Looking, Ronelle Lea Rose, Janal Lynn Rose and Lynell Ronni Rose, and a life estate interest in real property held by Defendant, Linda Racine.

    2.    On November 9, 2009, Linda Racine, Janal Lynn Rose, Lee Allen Calf Looking, Lynell Ronni Rose and Ronelle Lea Rose received a loan in the amount of $51,901.00 from Bank2 pursuant to the Housing and Community Development Act of 1992. The loan is evidenced by a promissory note dated November 9, 2009. A true and correct copy of the promissory note is attached to the Complaint as Exhibit A. The loan and deed of trust were subsequently assigned to the U.S. Department of Housing and Urban Development (HUD).

    3.    As security for the above described loan, Linda Racine, Janal Lynn Rose, Lee Allen Calf Looking, Lynell Ronni Rose and Ronell Lea Rose, executed a Deed of Trust on November 9, 2009, providing as security real property in Browning, Montana and appurtenances thereto. The real property is situated in the County of Glacier, State of Montana, on the Blackfeet Indian reservation more particularly described as follows:

> Lot 12, Block 22 Browning Townsite, Browning, Montana 59417
> Allotment 5431 Section 3, Township 032.00n Range 011.00w

A true and correct copy of this deed of trust is attached to the Complaint as Exhibit B.  This deed of trust was approved by the Bureau of Indian Affairs on December 10, 2009.  A true and correct copy of the Certificate of Approval is attached to the Complaint as Page 16 of Exhibit B.  The deed of trust was insured by HUD under the Housing and Community Development Act of 1992.  The deed of trust was also filed with the Bureau of Indian Affairs under document number 201 41610.

4. Defendants went into default under the terms of the promissory note and deed of trust due to failure to make timely payments of principal and interest as agreed.  The account went into default on November 1, 2012.  An Assignment of the deed of trust and promissory note from Mortgage Electronic Registration Systems to Bank2 was made on November 15, 2013.  An Assignment of the deed of trust and promissory note from Bank2 to the United States Department of Housing and Urban Development was executed on November 15, 2013.  A true and correct copy of the assignments is attached to the Complaint as Exhibit C.

5. Defendants, Linda Racine, Janal Lynn Rose, Lee Allen Calf Looking, Lynell Ronni Rose, and Ronelle Lea Rose are indebted to the Plaintiff for the loans outlined above in the principal amount of $48,332.29, plus accrued interest in the amount of $4,696.40 as of June 30, 2011, for a combined total of $53,028.69 as of June 30, 2011.  Plaintiff seeks post-judgment interest pursuant to 28 U.S.C. § 1961.

6. Defendant, Linda Racine, executed a Waiver of Service of Summons; it was filed with the Court on February 9, 2018 (Doc. 7). David Gordon, Attorney for Defendants, Linda Racine, Ronell Lea Rose, Janal Lynn Rose and Lynell Ronni Rose, executed a Waiver of Service of Summons; it was filed with the Court on March 23, 2018 (Doc.13). On June 6, 2018, a stipulation was filed between the United States and Defendants, Linda Racine, Ronell Lea Rose, Janal Lynn Rose and Lynell Ronni Rose, consenting to entry of judgment, decree of foreclosure, and order of sale. It was further stipulated that Defendants agree to vacate the property by no later than July 31, 2018, and that no Deficiency Judgment would be sought. (Doc. No. 31).

7. Attorney David Gordon executed a Waiver of Service of Summons on behalf of Defendant, Lee Allen Calf Looking; it was filed with the Court on March 23, 2018 (Doc.13). On June 28, 2018, a stipulation was filed between the United States and Defendant, Lee Allen Calf Looking, consenting to entry of judgment, decree of foreclosure, and order of sale. It was further stipulated that Defendant agreed to vacate the property by no later than July 31, 2018 and that no Deficiency Judgment would be sought. (Doc. No. 37).

8. Derek Kline, Attorney for Blackfeet Tribe, executed a Waiver of Service of Summons; it was filed with the Court on April 9, 2018 (Doc. 21). A Stipulation To Dismiss Blackfeet Tribe was filed on June 21, 2018 (Doc. 35). It

was further stipulated that the United States would seek to include language in any foreclosure judgment that upon public auction, prior to consummating the sale of all of the property interests that are the subject of this foreclosure to the highest auction bidder, the United States will notify the Blackfeet Tribe of the proposed auction sale price. The Blackfeet Tribe will then have 20 days after the date of the letter in which to make a firm and binding offer to purchase all of the property interests that are the subject of this foreclosure at the price set out in the letter. An Order was filed on June 21, 2018 dismissing Blackfeet Tribe (Doc. 36).

## CONCLUSIONS OF LAW

9. The Plaintiff, United States, is entitled to judgment against Defendants, Linda Racine, Lee Allen Calf Looking, Ronelle Lea Rose, Janal Lynn Rose and Lynell Ronni Rose, in the principal amount of $48,332.29, plus accrued interest in the amount of $4,696.40 as of June 30, 2011, for a combined total of $53,028.69 as of June 30, 2011. Plaintiff is entitled to post-judgment interest pursuant to 28 U.S.C. § 1961.

10. Pursuant to stipulation (Doc. 35), upon public auction, prior to consummating the sale of all of the property interests that are the subject of this foreclosure to the highest auction bidder, the United States will notify the Blackfeet Tribe of the proposed auction sale price. The Blackfeet Tribe will then have 20 days after the date of the letter in which to make a firm and binding offer

to purchase all of the property interests that are the subject of this foreclosure at the price set out in the letter.

11. The Plaintiff, United States, is entitled to an order of sale of the real property described herein.

Wherefore, based upon the foregoing Findings of Fact and Conclusions of Law,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. Plaintiff, United States of America, have judgment against Defendants, Linda Racine, Janal Lynn Rose, Lee Allen Calf Looking, Lynell Ronni Rose, and Ronelle Lea Rose, in the principal amount of $48,332.29, plus accrued interest in the amount of $4,696.40 as of June 30, 2011, for a combined total of $53,028.69 as of June 30, 2011. Plaintiff is entitled to post-judgment interest pursuant to 28 U.S.C. § 1961.

2. The life estate interest of Linda Racine and the trust interests of Janal Lynn Rose, Lee Allen Calf Looking, Lynell Ronni Rose, and Ronelle Lea Rose in the real property described in the deed of trust, located in Glacier County, Montana, together with all improvements, tenements, rights, privileges, and appurtenances, be foreclosed and ordered sold at public auction by the U.S. Marshal for the District of Montana in the manner provided by law and according to the course and practice of this Court.

3. Pursuant to 12 U.S.C. § 1701(k) there is no right of redemption.

4. The real property be sold in one unit.

5. If Plaintiff is the purchaser at the sale of the real property, payment to the U.S. Marshal need not be in cash, but be in the form of suitable documentary evidence as a debit against the judgment.

6. The U.S. Marshal be required to provide a Marshal's Deed upon completion of the sale.

7. In the event Plaintiff is the purchaser at the sale and possession of the premises is not surrendered to Plaintiff upon issuance of a Marshal's deed, a writ of assistance be issued directing the United States Marshal to deliver possession of the premises to Plaintiff.

8. The U.S. Marshal for the District of Montana, out of the proceeds of the sale of the real property, shall retain his fee, disbursements, and expenses of the sale, and any excess sale proceeds shall be paid in the following amounts to the following entities with the following priorities:

    A. To the Plaintiff, United States, to satisfy the judgment set forth in paragraph 1 above.

    B. Any overplus remaining after the payments to Plaintiff shall be paid by the United States Marshal for the District of Montana to the Clerk of this Court for further order of this Court.

9. Upon public auction, prior to consummating the sale of all of the property interests that are the subject of this foreclosure to the highest auction bidder, the United States will notify the Blackfeet Tribe, by registered letter to the Blackfeet Tribal Chairman and by copy to counsel for the Blackfeet Tribe, of the proposed auction sale price. The Blackfeet Tribe will then have 20 days after the date of the letter in which to make a firm and binding offer to purchase all of the property interests that are the subject of this foreclosure at the price set out in the letter. The firm and binding offer will be accomplished only by the Blackfeet Tribe providing a bank cashier's check that matches the highest auction bid, made payable to the United States Marshal's Service, within 20 days after the date of the notice letter. If the Blackfeet Tribe fails to make a firm and binding offer within 20 days after the date of the letter, the United States may consummate the sale to the highest auction bidder. The notice letter will be sent to Blackfeet Tribal Chairman, P.O. Box 850, Browning, Montana 59417, with a copy to Blackfeet Tribal Counsel, Blackfeet Legal Department, P.O. Box 849, Browning, Montana 59417.

10. The United States Marshal's Service is authorized by this order to hold the highest auction bidder's payment for a period of time sufficient to accommodate the 20-day notice outlined above. Should the Blackfeet Tribe provide the matching bid before the expiration of the 20-day deadline, the United

States Marshal Service will return the highest auction bidder's payment to the highest auction bidder.

11. Defendants, and any and all persons claiming under them, and all persons having liens subsequent and inferior to the lien of Plaintiff's mortgage, either by mortgage, judgment, or decree, upon the real property described in the mortgage subject of this foreclosure, and their personal representatives and all persons claiming to have acquired any estate or interest in the premises, subsequent to the filing of this action, be forever barred and foreclosed of and from all equity of redemption and claim to the mortgage or premises, and every part or parcel thereof, from and after the delivery of the U.S. Marshal's Deed.

12. All or any of the parties to this action be entitled to purchase at the sale. If Plaintiff purchases at the sale, then the rents, issues and profits arising or in any manner accruing to or from the premises, be due and payable to Plaintiff.

DATED this 5th day of September, 2018.

_____
Brian Morris
United States District Court Judge